Filed 9/15/25  P. v. Newell CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>RAFAEL PRESTON NEWELL,<br><br>     Defendant and Appellant. | 2d Crim. No. B329966<br>(Super. Ct. No. YA098948)<br>(Los Angeles County) |

Rafael Preston Newell was convicted by jury of assault with a deadly weapon after he drove his car into the victim.  (Pen. Code, § 245, subd. (a)(1).)[1]  Previously, he had been convicted of a prior serious felony (§ 667, subd. (a)) and a "strike" prior (§ 1170.12).  He has a history of mental illness and on this case, he was found incompetent to stand trial.  He regained his sanity and after trial, was sentenced to the three-year midterm doubled by reason of the strike prior, for a total aggregate six-year term.

---

[1] All further statutory references are to the Penal Code.

He appeals contending that the trial court abused its discretion and should have imposed the low two-year term. But appellant was subject to a much longer sentence and the trial court treated him leniently. For example, it could have easily added five years for the prison prior. Because appellant's contentions and the arguments in support thereof, are without merit, we affirm.

*Facts and Procedural Background*

We recite the evidence in the light most favorable to the judgment and sentence, as is required by the familiar rule governing appellate review. (*People v. Avanessian* (1999) 76 Cal.App.4th 635, 637.)

Appellant spent the night in his car in a parking lot. The victim, an employee of the business at the property, kept the parking lot orderly and clean. The victim saw appellant throwing his trash out of the car, picked it up, and put it on the hood of appellant's car. A verbal argument ensued and various threats were made by the victim and appellant. Appellant drove away but made a U-turn and intentionally ran into the victim. Appellant testified at trial that he did not throw anything out of his car, the trash did not belong to him, and he wanted to know why the victim had disrespected him. Appellant testified that he believed the victim had a gun and was "forced to make contact with [the victim]" to avoid being shot. Appellant drove by the victim a couple of times before hitting him with his car. The jury heard and rejected appellant's explanation of the events. The events were captured on video surveillance. The jury, as well as the trial court, viewed the entire event.

The trial court expressly found that mental illness played a factor at the sentencing hearing. It heard evidence from appellant's family, at length, concerning his being the victim of

2

crime and having suffered gunshot wounds.  Thus, he has endured physical and psychological trauma.  The trial court was aware of the Legislative preference for the low term (§ 1170, subd. (b)(6)(A)) but declined to adhere to it in the exercise of discretion.  This discretion was "informed."[2]  It found that the aggravating circumstances outweighed the mitigating circumstances.  This decision was not arbitrary, whimsical, or capricious and it was within the bounds of reason.  (See, e.g., *Estate of Gilkison* (1998) 65 Cal.App.4th 1443, 1448-1449 [abuse of discretion on appeal].)  Using a car to commit an assault with a deadly weapon could have easily resulted in death.

Appellant launches a multi-pronged attack on the sentence choice.  The sentencing court was well aware that appellant had been found incompetent to stand trial and had regained his present sanity.  It was the same judge presiding in court when sanity was restored and when criminal proceedings were reinstituted.  It presumptively was aware of the psychiatric report that supported the suspension of criminal proceedings.  Nothing in the recent opinion of *People v. Salazar* (2023) 15 Cal.5th 416, requires remand.  If we had any doubt about term selection, we would resolve it in favor of appellant.  We do not.

We also conclude that the trial court did not abuse its discretion by denying the motion to strike the prior conviction.

---

[2] Whether mental illness stemmed from childhood or thereafter, is not determinative.  What is determinative is that appellant's mental illness contributed to his ability to rationally cope with the victim during the incident.

Also not determinative is the trial court's use of the word "substantial" when it should have said "contributed."  We say this with confidence because the trial court expressly used appellant's mental health issues in not imposing the upper term.

3

(*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497; *People v. Carmony* (2004) 33 Cal.4th 367, 377-378.)  There is no showing that appellant falls outside the letter and spirit of the "Three Strikes" law.  (*Carmony,* at p. 377; *People v. Williams* (1998) 17 Cal.4th 148, 161.)

Finally, there is no showing that appellant was deprived of the effective assistance of counsel.  (*Strickland v. Washington* (l984) 466 U.S. 668, 693.)  Counsel could not change the facts attendant to this case.

The judgment is affirmed.

NOT TO BE PUBLISHED.

YEGAN, Acting P. J.

We concur:

BALTODANO, J.

CODY, J.

4

Nicole C. Bershon, Judge

Superior Court County of Los Angeles

_____

Debbie Yen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, Analee J. Brodie, Deputy Attorney General, for Plaintiff and Respondent.